JAMES H. PRESTON & others *vs.* WILLIAM A. ETTER.

Bristol.   Oct. 27, 1885. — Jan. 8, 1886.   FIELD & C. ALLEN, JJ., absent.

E. executed a deed, by which he conveyed his stock in trade and other property to trustees, in trust to sell and dispose of the same, "and apply the proceeds to the payment of certain promissory notes, given to said creditors and indorsed by J., his wife," to the amount of thirty cents on each dollar owed by said E. to his several creditors. Then, after the payment of said notes, to deliver up to E. all that may remain of said property, to his use, discharged of said trust, "said creditors hereby agreeing to grant said E. a full discharge from all indebtedness upon the payment of said notes as aforesaid." The several creditors of E. signed this deed, placing against their names respectively the amount of their debts on account of which they had received the notes of E. indorsed by his wife, to the amount of thirty per cent. P., a creditor, who held a promissory note made by E., dated before and payable after the date of the deed, signed the deed, and against his signature was a certain sum, which was the amount of a book account due him, not including the note. For the amount of such account he had received notes of E. indorsed by his wife, but he never received any such notes for thirty per cent of the note above named. *Held,* in an action on the note by P. against E., that it was not barred by the deed.

CONTRACT upon a promissory note for $135.98, dated December 11, 1883, payable in twenty days after date, to the order of the plaintiffs, and signed by the defendant. Trial in the Superior Court, before *Staples,* J., who directed a verdict for the plaintiffs; and the defendant alleged exceptions. The facts appear in the opinion.

*S. M. Thomas,* for the defendant.

*L. E. White,* for the plaintiffs, was not called upon.

MORTON, C. J.   The defendant contends that the composition deed signed by the plaintiffs is a bar to this suit. By this deed, which was dated December 18, 1883, the defendant conveyed his stock in trade, and other property, to trustees, "in trust for the following purposes, namely: that they shall sell and dispose of said goods and chattels, and collect said book accounts, and apply

the proceeds to the payment of certain promissory notes given to said creditors, and indorsed by Jessie S. Etter, his wife, on thirty, sixty, and ninety days' time, making in all thirty cents on each dollar owed by said Etter to said several creditors, being ten per cent thereof in thirty days, ten per cent thereof in sixty days, and ten per cent thereof in ninety days from this date. Then, after the payment of said notes as aforesaid, to deliver up to said Etter all that may remain of said goods, chattels, and book accounts, to have and to hold the same to said Etter, and his heirs and assigns, to their own use and behoof, discharged of said trust, said creditors hereby agreeing to grant said Etter a full discharge from all indebtedness upon the payment of said notes as aforesaid."

The several creditors of Etter signed this deed, placing against their names respectively the amount of their debts on account of which they had received the notes of Etter indorsed by his wife, to the amount of thirty per cent. The plaintiffs signed it by an attorney, and against their signature was the sum of $108.41, which was the amount of a book account due them, not including the note in suit. For this amount they had received notes of Etter indorsed by his wife, but they never received any such notes for thirty per cent of the note in suit.

The clause of the composition deed by which the signing creditors agree to discharge Etter from all indebtedness, must be construed in connection with the other parts of the deed, and we think must be limited so as to embrace only debts which are within the scope of the earlier part of the deed, and are thus shown to be within the intention of the parties.

The scheme of the composition was to ascertain first the debts due the several creditors which they were willing to release, and, as a preliminary to the deed taking effect, to give to each creditor notes of Etter indorsed by his wife, to the amount of thirty per cent of the several debts. The trustees were authorized to pay these notes, and nothing more.

The part of the deed which creates the trust, and indicates the purpose and scope of the settlement, clearly looks only to such debts as are specified against the several signatures of the creditors, for thirty per cent of which notes had been given; and we are of opinion that, by the fair construction of the whole

instrument, the agreement of the creditors to discharge the defendant from all indebtedness includes only the debts which come within the scope of the trust, and for the release of which the creditors have received the notes named in the composi-tion deed.

It is not contended that there was any fraud or concealment on the part of the plaintiffs; and we are of opinion that the note in suit is not released or barred by the composition deed.

*Exceptions overruled.*